BOARDMAN, Judge.
Cheryl Joldersma petitions for certiorari review of a court order commanding her to answer certain questions at oral deposition. We grant the petition.
Mrs. Barbara Stewart filed a petition for dissolution of her marriage. Respondent Dr. John Stewart filed a response admitting that the marriage was irretrievably broken and that he was willing and financially able to provide both child support and alimony.
Barbara Stewart subpoenaed Cheryl Jold-ersma, Dr. Stewart’s nurse, to appear for deposition. At the deposition Ms. Jolders-ma declined to answer the following questions:
Q. Do you have any source of income other than the $154.00 a week from Dr. Stewart or from his business?
Q. How long have you been — are you dating Dr. Stewart?
Q. Are you living with Dr. Stewart?
Q. What kind of car do you drive?
Q. Has he written you a check on more than one occasion?
Q. Have you had sexual intercourse with Dr. Stewart?
Q. Who is the lawnman? What’s the lawnman’s name?
Q. Are there any other regular household bills that you have?
Q. Have you been on vacations with him?
Mrs. Stewart filed a motion requesting that Cheryl Joldersma be held in *81 contempt for failure to answer those questions. After a hearing the trial court ordered Ms. Joldersma to answer these questions within ten days and required her to pay $66.20 costs. Under these circumstances, we hold that the trial judge’s order departed from the essential requirements of law.
Rule 1.280(b), Florida Rules of Civil Procedure, provides that the scope of discovery is restricted to that which “is relevant to the subject matter of the pending action . .” Section 61.08(2), Florida Statutes (1977) provides: “In determining a proper award of alimony, the court may consider any factor necessary to do equity and justice between the parties.” Thus, where the subject matter is alimony, only those facts which are “necessary to do equity and justice . . . .” are discoverable.
In Williamson v. Williamson, 367 So.2d 1016 (Fla.1979) the Florida Supreme Court held that there are circumstances where conduct may be a factor in determining the amount of an alimony award. However, it expressly limited the effect of Williamson to the facts of that case.
Today we hold only that where an analysis of the need of one spouse and the ability of the other to pay demonstrates that both parties will suffer economic hardship as a result of any division of available resources the court might make, the court may then consider, as an equitable circumstance under section 61.08(2), Florida Statutes (1975), any conduct of either party which may have caused the difficult economic situation in which they stand before the court.
Williamson, supra, at 1019. In the case before us Mrs. Stewart alleged in her petition for dissolution that Dr. Stewart had sufficient funds to provide alimony. Dr. Stewart admitted that allegation in his response. Therefore, Williamson does not apply-
We do not suggest that a party’s admission that he has the ability to pay alimony would necessarily preclude legitimate discovery into the extent of his ability to pay. However, the questions at issue here were not reasonably calculated to obtain this kind of information. Petitioner, who is not a party to the dissolution proceedings, should not be required to answer these irrelevant questions.
Accordingly, the petition for writ of cer-tiorari is granted and the order under review is vacated.
GRIMES, C. J., and RYDER, J., concur.